UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BILLY DOYLE,<br><br>    Plaintiff,<br><br>v.<br><br>MARY A. WHITE, MALINDA CHAMPS,<br>BEV KERNZ, DIANE HENRY, et al., and<br>MINNEAPOLIS PUBLIC HOUSING<br>AUTHORITIES,<br><br>    Defendants. | Civil No. 12-1387 (MJD/TNL)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff commenced this action on June 11, 2012 by filing a civil complaint and an application seeking leave to proceed in forma pauperis ("IFP"). (Docket Nos. 1 and 2.) The Court previously examined those initial submissions and determined that Plaintiff's complaint was inadequate. In an order dated June 21, 2012 (Docket No. 3), the Court directed Plaintiff to file an amended complaint. Plaintiff subsequently filed a series of new pleadings (or fragments of pleadings) and motions seeking to supplement his pleadings or extend the deadline for repleading. On November 6, 2012, the Court entered another order (Docket No. 9) that gave Plaintiff one final opportunity to file an entirely new pleading that would present all of his claims for relief against the named Defendants in "one, fully integrated, amended complaint." That order expressly informed Plaintiff that if he did not file an entirely new amended complaint by December 7, 2012, the Court would recommend that this action be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

The final deadline for filing an amended complaint in this action has now expired, and Plaintiff has not complied with the Court's previous order. Plaintiff still has not filed a

viable pleading in this case. Nor has he offered any excuse for his failure to do so. Plaintiff also has not communicated with the Court for nearly three months. Therefore, the Court will now recommend, in accordance with the previous order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be dismissed, the Court will further recommend that Plaintiff's pending IFP application be summarily denied at this time. The Court will also recommend that Plaintiff's pending motion to supplement his pleading (Docket No. 8), which was filed before the Court's last order giving Plaintiff one final opportunity to amend, be summarily denied as moot.

[Continued on next page.]

Based on the foregoing, and upon all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis (Docket No. 2) be **DENIED**;

2. Plaintiff's motion for leave to file a supplemental pleading (Docket No. 8) be **DENIED AS MOOT**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: December __19__, 2012

                                                 *s/ Tony N. Leung*
                                                 TONY N. LEUNG
                                                 United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **January 3, 2013.**